Nos. 25-3231, 25-3344

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY,
Plaintiff-Appellee,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al,
Federal Defendants-Appellees

and

GWICH'IN STEERING COMMITTEE, et al,
Intervenors-Defendants-Appellants,

_____

On Appeal from the U.S. District Court
for the District of Alaska (No. 3:24-cv-51-SLG)

_____

## REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL
## FOR LACK OF APPELLATE JURISDICTION

_____

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

ROBERT J. LUNDMAN
THEKLA HANSEN-YOUNG
*Attorneys*
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 307-2710
thekla.hansen-young@usdoj.gov

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION................................................................................................ 1

ARGUMENT ...................................................................................................... 2

I.     The appeals should be dismissed because the order is not final. ......................... 2

II.    This court should alternatively hold the appeals in abeyance
       through October 31, 2025. ....................................................................... 7

CONCLUSION .................................................................................................. 8

i

# TABLE OF AUTHORITIES

## Cases

*Alaska Indus. Dev. & Exp. Auth. v. U.S. Dep't of the Interior,*
No. 3:24-CV-00051-SLG, 2025 WL 903331 (D. Alaska Mar. 25, 2025) ............... 5, 6

*Alaska Wilderness League v. Jewell,*
637 F. App'x 976 (9th Cir. 2015) ................................................................. 4, 8

*Alsea Valley All. v. Dep't of Comm.,*
358 F.3d 1181 (9th Cir. 2004) .................................................................. 1, 2, 4

*Carson v. American Brands, Inc.,*
450 U.S. 79 (1981) ............................................................................................ 7

*Chugach Alaska Corp. v. Lujan,*
915 F.2d 454 (9th Cir. 1990) ...................................................................... 2, 3

*Collord v. United States Department of the Interior,*
154 F.3d 933 (9th Cir. 1998) ........................................................................... 3

*Crow Indian Tribe v. United States*
965 F.3 662 (9th Cir. 2020) ............................................................................. 6

*Eluska v. Andrus,*
587 F.2d 996 (9th Cir. 1978) ................................................................ 2, 3, 5, 7

*Gamboa v. Chandler,*
101 F.3d 90 (9th Cir. 1996) ............................................................................. 7

*Pit River Tribe v. U.S. Forest Serv.,*
615 F.3d 1069 (9th Cir. 2010) ......................................................................... 6

*Shapiro v. Paradise Valley Unified School District No. 69*,
   152 F.3d 1159 (9th Cir. 1998) .............................................................. 2

*Stringfellow v. Concerned Neighbors in Action,*
   480 U.S. 370 (1987) ............................................................................ 7

*United States v. Cal-Almond Inc.,*
   102 F.3d 999 (9th Cir. 1996) ............................................................. 7

*Wildwest Inst. v. Kurth,*
   855 F.3d 995 (9th Cir. 2017) ............................................................. 2

## Statutes

28 U.S.C. § 1291 ............................................................................................. 2

28 U.S.C. § 1292(a)(1) ............................................................................... 6, 7

## INTRODUCTION

This Court should dismiss the two consolidated appeals filed by Intervenors-Defendants-Appellants Gwich'in Steering Committee, et al., for lack of appellate jurisdiction. The district court granted summary judgment to Plaintiff Alaska Industrial Development and Export Authority (AIDEA) in its suit challenging Interior's 2023 decision to cancel AIDEA's oil and gas leases. The district court remanded the matter to the Defendants-Appellees U.S. Department of the Interior, U.S. Bureau of Land Management, and agency officials (together, Interior). Interior has accepted the remand and will take new agency action concerning the leases within the coming months, meaning that "any decision by [this Court] could prove entirely unnecessary." *Alsea Valley All. v. Dep't of Comm.*, 358 F.3d 1181, 1184–85 (9th Cir. 2004). While the intervenors prefer to reverse the order vacating the 2023 lease-cancellation decision, permitting the appeals to proceed makes little sense. The intervenors should instead challenge any new and final decision by Interior in court if they are aggrieved.

Alternatively, this Court should hold the appeal in abeyance until October 31, 2025. No prejudice will result from holding the appeal in abeyance for less than three months and doing so will promote judicial economy by enabling the parties to address the upcoming factual developments that will likely moot the appeal.

## ARGUMENT

**I.  The appeals should be dismissed because the order is not final.**

As explained in the government's motion to dismiss, pp. 6–11, the intervenors'
appeals should be dismissed because this Court lacks appellate jurisdiction. Remand
orders such as this one are not appealable by non-government parties when the
government declines to appeal because they are not considered "final decisions"
under 28 U.S.C. § 1291. *Alsea Valley*, 358 F.3d at 1184–85; *see also Chugach Alaska Corp.
v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990); *Eluska v. Andrus*, 587 F.2d 996, 999 (9th
Cir. 1978). For a remand order to be final, review must otherwise be foreclosed and
the order must conclusively resolve a separable legal issue that forces the agency to
apply a potentially erroneous ruling that could result in a wasted proceeding. *Alsea
Valley*, 358 F.3d at 1184–85. The order does not satisfy these requirements.

It bears emphasizing at the outset that it is "unusual" for this Court to "treat a
remand order as final for the purposes of appeal." *Shapiro v. Paradise Valley Unified
School District No. 69*, 152 F.3d 1159, 1161 (9th Cir. 1998). And for good reason. As
explained in the government's motion, at pp. 6-8, allowing an appeal to proceed when
a remand may obviate the need for an appeal wastes the resources of both the court
and the parties. *See Alsea Valley*, 358 F.3d at 1185 (explaining that judicial resolution
may become unnecessary after a remand); *Wildwest Inst. v. Kurth*, 855 F.3d 995, 1002
n.11 (9th Cir. 2017) (noting "the practical concern that the federal courts' limited
resources should not be wasted on issues that do not need decision").

Consequently, the above-described exception to the administrative remand rule is generally applicable only where the government agency against whom an adverse remand decision is rendered immediately seeks to appeal because the agency cannot appeal the decision it renders on remand. *Collord v. United States Department of the Interior*, 154 F.3d 933 (9th Cir. 1998). If an immediate appeal by the government were unavailable, the government would be foreclosed as a practical matter from seeking review of an erroneous decision. *Id.* at 935; *see also Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990). This rationale does not apply to private litigants like the intervenors, who may seek review of a new decision issued after remand. *See Eluska*, 587 F.2d at 1001 (discussing reasons behind the remand rule).

The intervenors wish to reinstate the lease-cancellation decision and contend that, absent appeal, review of the remand order will be foreclosed because Interior does not plan to seek a court order canceling AIDEA's leases and instead will take action permitting AIDEA to proceed. Gwich'in Opp. at 13-19; Venetie Opp. at 8-14. This assertion only underscores the practical concerns noted above and counsels in favor of dismissing the appeals. Assuming Interior takes such action, any appellate decision reviving the 2023 lease-cancellation decision would be advisory. In the intervenors' hypothetical world, a decision reversing the district court's remand order would result in a remand to the district court to consider AIDEA's other claims, potentially resulting in yet another advisory opinion. This could in turn result in yet another advisory opinion issued on appeal.

3

To the extent that intervenors' goal is to prevent Interior from "opening the entire Coastal Plain to oil and gas leasing," Gwich'in Opp. at 16, the proper way to do that is to challenge any such decision by Interior in a new lawsuit. As this Court has noted in dismissing a different oil- and gas-related appeal as prudentially moot, the mere fact that a party has "interests in [the] litigation [that] extend beyond [the] particular dispute" and "would like to see a final judicial resolution" does not create jurisdiction where it otherwise does not exist. *Alaska Wilderness League v. Jewell*, 637 F. App'x 976, 981 (9th Cir. 2015).

Setting aside these practical considerations, nothing in the district court's order inherently forecloses further review after a remand. As in *Alsea Valley*, the district court's order left open the possibility that the agency would provide the intervenors with the relief they now seek through an appeal (that is, cancellation of the leases). 358 F.3d at 1185. And if the agency does not—if the agency decides not to pursue lease cancellation now and take a different approach to oil and gas leasing on the Coastal Plain—then the intervenors could challenge Interior's new final agency action following the remand. Even if Interior decides to pursue lease cancellation sometime in the future, the question of whether a court order was required before that future cancellation would be judicially reviewable.

As in *Alsea Valley*, the Court need not decide whether the order meets the other two criteria because the prerequisite of practical finality is lacking. 358 F.3d at 1184. But regardless, at least as to intervenors, the question of whether Interior should have

4

obtained a court order to cancel AIDEA's leases is "enmeshed in the factual and legal issues comprising" AIDEA's other challenges to the 2023 lease cancellation decision, counseling against review at this time. *See Eluska*, 587 F.2d at 1001; Mot. at 9. In addition to contending that Interior was required to obtain a court order, AIDEA asserted that (1) Interior deprived it of due process required by the Fifth Amendment to the U.S. Constitution and violated the Administrative Procedure Act, (2) that Interior lacked authority to cancel the leases for the reasons it provided, (3) that AIDEA should have had an opportunity to cure any pre-leasing defects before its leases were canceled, and (4) that there were no errors in the original environmental analysis that justified lease cancellation. *Alaska Indus. Dev. & Exp. Auth. v. U.S. Dep't of the Interior*, No. 3:24-CV-00051-SLG, 2025 WL 903331, *4 (D. Alaska Mar. 25, 2025). These claims all involve a common factual and legal core. Interior could hypothetically address these challenges through a lease-cancellation proceeding on remand, which could then be reviewed comprehensively by the district court and on appeal after final judgment. The issue resolved by the district court is therefore not separable from the remainder of AIDEA's challenges and is accordingly not finally resolved for purposes of appellate review.

Nor does the court's order force Interior to apply a potentially erroneous rule leading to a wasted proceeding. In fact, the order does not require Interior to proceed on remand at all. This case is therefore unlike *Crow Indian Tribe*, where the district court compelled the agency to include a particular substantive provision in *any* new

5

rule and in which an immediate appeal was "the only way the [i]ntervenors' objections" could be heard. *Crow Indian Tribe v. United States*, 965 F.3 662, 676 (9th Cir. 2020). That is not the case here, where Interior is not compelled to include any particular provision in its new action. Nor is Interior required to obtain lease cancellation via court order in all future lease-cancellation decisions; the non-precedential district court's decision was limited to the narrow factual circumstances presented by AIDEA's suit. *Crow Indian Tribe* is additionally distinguishable because, unlike here, *both* the federal agency and intervenors appealed the adverse district court judgment. 965 F.3d at 676. So this Court can conclude that *Crow Indian Tribe* in fact "falls within the exception discussed in *Alsea,* which permits an agency's appeal of a remand order where the agency will otherwise be effectively foreclosed from appealing post-remand." *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1076 (9th Cir. 2010) (discussing a case decided before *Crow Tribe*).

The tribal intervenors assert that the order had the practical effect of granting an injunction and therefore was appealable under 28 U.S.C. 1292(a)(1). Venetie Opp. at 15-20. That reasoning is faulty because it would convert every declaratory decision finding an agency decision unlawful into an injunctive order. The order contains no language that supports its characterization as an injunction. *Alaska Indus. Dev. & Exp. Auth.*, 2025 WL 903331, at *8. Where an order is not labeled as an injunctive order nor expressly grants or denies a request for injunctive relief, but merely has the "practical effect" of an injunction, it may be appealed only if it "can be 'effectually

6

challenged' only by an immediate appeal." *Gamboa v. Chandler*, 101 F.3d 90, 91 (9th Cir. 1996) (en banc), *citing Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981). *See also United States v. Cal-Almond Inc.*, 102 F.3d 999, 1002 (9th Cir. 1996); *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 379 (1987). As explained above, this requirement is not satisfied because the intervenors may challenge Interior's decision on remand. *Eluska*, 587 F.2d at 1001 (rejecting alternative argument that private litigant could appeal remand order under 28 U.S.C. 1292(a)(1)).

In sum, the district court's order is neither final and appealable by the intervenors nor is it an appealable injunction.

## II.     This court should alternatively hold the appeals in abeyance through October 31, 2025.

Should this Court decline to dismiss the appeals, it should hold the cases in abeyance through October 31, 2025. As explained in the government's motion, at p. 11, in the third quarter of 2025, Interior plans to take actions that could involve reactivating the currently-suspended leases on independent legal grounds based on a different record. Such actions may render this appeal moot. There is no prejudice that will result from holding the appeal in abeyance for less than three months. To the extent that the intervenors cite concerns that AIDEA may start to undertake on-the-ground activities, they may challenge any new final agency actions made by Interior on remand and seek a preliminary injunction. Holding this appeal in abeyance to account for imminent factual developments will only serve judicial economy by avoiding the

7

need for multiple motions or briefs to address mootness and potentially the merits of the appeal. Waiting may also help avoid the morass proposed by the intervenors in which the district court and this Court would resolve disputes that are "no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alaska Wilderness League*, 637 F. App'x at 981 (9th Cir. 2015). Finally, for the same reasons of judicial economy, this Court should also reject the tribal intervenors' assertion that jurisdictional issues should be decided along with the merits. Venetie Opp. at 7-8. Courts must assess their jurisdiction before assessing the merits, and staying the appeal to account for such potential developments will enable the Court to do so.

And as noted previously in the government's motion, should this Court hold the appeal in abeyance, Interior will file a status report no later than 14 days after taking any new action on remand, and in no event later than October 31, 2025. The report will advise the Court what further proceedings may be necessary.

## CONCLUSION

This Court should dismiss the appeals of the district court's non-final remand order because there is no appellate jurisdiction. This Court should alternatively hold the appeal in abeyance or administratively close the appeal until October 31, 2025, to enable the Court to take account of changed conditions.

8

Respectfully submitted,

s/ Thekla Hansen-Young
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

ROBERT J. LUNDMAN
THEKLA HANSEN-YOUNG
*Attorney*
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7415
Washington, DC 20044
(202) 307-2710
Thekla.hansen-young@usdoj.gov

August 15, 2025
90-1-18-17446

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the requirements of Fed. R. App. P. 27(d) and 32(a)(5) and (6) because it has been prepared in 14-point Garamond, a proportionally spaced font.

I further certify that this reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2,056 words.

s/ Thekla Hansen-Young
THEKLA HANSEN-YOUNG