**NOT FOR PUBLICATION**

FILED

OCT 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY,

Plaintiff - Appellee,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR; DOUG BURGUM, in his official capacity as Secretary of the Department of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT; TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management,

Defendants - Appellees,

GWICH'IN STEERING COMMITTEE; ALASKA WILDERNESS LEAGUE; ALASKA WILDLIFE ALLIANCE; CANADIAN PARKS & WILDERNESS SOCIETY - YUKON; DEFENDERS OF WILDLIFE; FRIENDS OF ALASKA NATIONAL WILDLIFE REFUGES; NATIONAL WILDLIFE FEDERATION; NATIONAL WILDLIFE REFUGE

No. 25-3231

D.C. No.
3:24-cv-00051-SLG

MEMORANDUM*

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ASSOCIATION; NORTHERN ALASKA ENVIRONMENTAL CENTER; SIERRA CLUB; WILDERNESS SOCIETY; WILDERNESS WATCH,

Intervenor-Defendants - Appellants,

and

NATIVE VILLAGE OF VENETIE TRIBAL GOVERNMENT, ARCTIC VILLAGE COUNCIL, VENETIE VILLAGE COUNCIL,

Intervenor-Defendants.

ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY,

Plaintiff - Appellee,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR; DOUG BURGUM, in his official capacity as U.S. Secretary of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT; DIRECTOR, BUREAU OF LAND MANAGEMENT, in their official capacity,

Defendants - Appellees,

NATIVE VILLAGE OF VENETIE TRIBAL GOVERNMENT; VENETIE VILLAGE COUNCIL; ARCTIC VILLAGE COUNCIL,

No. 25-3344

D.C. No. 3:24-cv-00051-SLG

Intervenor-Defendants - Appellants,

GWICH'IN STEERING COMMITTEE, ALASKA WILDERNESS LEAGUE, ALASKA WILDLIFE ALLIANCE, CANADIAN PARKS & WILDERNESS SOCIETY - YUKON, DEFENDERS OF WILDLIFE, FRIENDS OF ALASKA NATIONAL WILDLIFE REFUGES, NATIONAL WILDLIFE FEDERATION, NATIONAL WILDLIFE REFUGE ASSOCIATION, NORTHERN ALASKA ENVIRONMENTAL CENTER, SIERRA CLUB, WILDERNESS SOCIETY, WILDERNESS WATCH,

Intervenor-Defendants.

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted September 15, 2026
Portland, Oregon

Before: FRIEDLAND and DE ALBA, Circuit Judges, and LASNIK, District Judge.[**]

Intervenor-Defendants[1] appeal the district court's decision partially granting

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

[1] Intervenor-Defendants are Gwich'in Steering Committee, the Native Village of Venetie Tribal Government, Arctic Village Council, Venetie Village Council, Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Friends of Alaska National

summary judgment in favor of Plaintiff Alaska Industrial Development and Export Authority. The district court held that the Department of Interior ("Interior") was required to seek a court order before cancelling Plaintiff's oil and gas leases for seven tracts of land on the Coastal Plain of the Arctic National Wildlife Refuge in northeast Alaska. Because Interior had not done so, the district court vacated Interior's lease cancellation decision and remanded to the agency for further proceedings. Intervenor-Defendants appealed. In October 2025, while the appeal was pending, Interior issued a new Record of Decision. The next day, citing that Record of Decision, Interior rescinded the suspension and reinstated Plaintiff's seven leases. *See* Exhibit 1, Joint Status Report, *Gwich'in Steering Committee et al. v. Burgum, et al.*, No. 3:20-cv-00204-SLG, (D. Alaska Oct. 29, 2025), Dkt. No. 126-1.

Reviewing de novo, *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016), we dismiss the appeal as moot, vacate the district court's decision, and remand with instructions to dismiss the case.

1. This case is moot. "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *350 Montana v.*

---

Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, Wilderness Society, and Wilderness Watch.

*Haaland*, 50 F.4th 1254, 1263 (9th Cir. 2022) (quoting *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017)). "If an event occurs during the pendency of the appeal that renders the case moot, [this court] lacks jurisdiction." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1145 (9th Cir. 2016) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Intervenor-Defendants argue that this case is not moot because, if they prevail on appeal, the 2023 cancellation decision by Interior would be reinstated and Plaintiff would no longer have Coastal Plain oil and gas leases. But a new administrative record is now in place, and the leases have been reinstated to active status, so "the challenged activity has 'evaporated or disappeared.'" *Lohn*, 511 F.3d at 964 (quoting *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1989)). Because the underlying decision that the Complaint in this case challenged has no current practical effect, there is no "'present controversy as to which effective relief can be granted,'" *350 Montana*, 50 F.4th at 1264 (quoting *Bayer*, 861 F.3d at 862).

2. Vacatur is warranted because it "'clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was

prevented through happenstance.'" *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22-23 (1994) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)). "When a case becomes moot on appeal, the 'established practice' is to reverse or vacate the decision below with a direction to dismiss." *NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997)); *see also U.S. Bancorp Mortg. Co.*, 513 U.S. at 25 (explaining that vacatur is sometimes appropriate because "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment"). We follow that established practice here.

The appeal is therefore **DISMISSED as moot**, and the decision of the district court **VACATED**, and the case is **REMANDED** with instructions to dismiss.[2]

[2] Alaska Oil and Gas Association's Motion for Leave to File an Amicus Brief, Dkt. No. 41, is denied as moot.